[Cite as *State v. Brown*, 2021-Ohio-1249.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2020 CA 0054 |
| EDWARD BROWN | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No. 2019 CR 0933


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 9, 2021


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           TODD W. BARSTOW
PROSECUTING ATTORNEY                  261 West Johnstown Road
JOSEPH C. SNYDER                      Suite 204
ASSISTANT PROSECUTOR                  Columbus, Ohio  43230
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Defendant-Appellant Edward Brown ("Appellant") appeals his conviction in the Richland County Court of Common Pleas for one count of Escape, in violation of R.C. 2921.34. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On March 10, 2017, Appellant entered a plea of guilty to Robbery, a felony of the second degree, in the Richland County Court of Common Pleas and was sentenced to two years in prison.

{¶3} On October 15, 2018, Appellant was released from prison. The next day Officer Mayer went over the rules Appellant must follow while on post release control. The rules included that Appellant must participate in the Reentry Court Program in Richland County. Officer Mayer warned Appellant that if he left the EXIT program without approval, it could result in criminal charges. Appellant then signed his name to the form.

{¶4} In February of 2019, Appellant was placed with the Volunteers of America with the permission of Officer Mayer. Appellant eventually moved out of the Volunteers of America facility to live with his girlfriend in Shelby, Ohio.

{¶5} On July 31, 2019, Appellant notified Officer Mayer of his desire to change residences. Appellant provided Officer Mayer with a list of potential residences. Officer Mayer wanted to look into a change of residence and set up a report date of August 7, 2019.

**{¶6}** On August 7, 2019, Appellant did not appear for the meeting and did not contact Officer Mayer by phone. Appellant notified his supervisor and then attempted to locate Appellant.

**{¶7}** Officer Mayer first went to the first address on the list, and the resident had no idea who Appellant was. The next address Officer Mayer went to was Appellant's sister's house. No one at that residence would identify themselves to Officer Mayer. Finally, Officer Mayer checked at Appellant's girlfriend's house in Shelby, Ohio, and the girl friend confirmed Appellant was no longer living there.

**{¶8}** On August 22, 2019, Officer Mayer had Appellant classified as a Parole Violator at Large.

**{¶9}** On September 30, 2019, Appellant was arrested.

**{¶10}** On November 7, 2019, Appellant was indicted in the Richland County Court of Common Pleas with Escape, a felony of the fifth degree, in violation of R.C. 2921.34.

**{¶11}** On February 12, 2020, Appellant entered a plea of not guilty.

**{¶12}** On June 2, 2020, Appellant proceeded to trial and was found guilty. The trial court sentenced Appellant to eleven months in prison to run consecutive to 600 days for violating post-release control.

**ASSIGNMENT OF ERROR**

**{¶13}** On July 29, 2020, Appellant filed a notice of appeal. He herein raises the following Assignment of Error:

**{¶14}** "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY FINDING HIM GUILTY OF ESCAPE AS

THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**I.**

{¶15} In Appellant's sole Assignment of Error, Appellant argues the conviction is against the manifest weight of the evidence and is not supported by sufficient evidence. We disagree.

{¶16} Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380. Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

{¶17} In contrast to the sufficiency of evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380.

{¶18} Under a weight of the evidence argument, the appellate court will consider the same evidence as when analyzing Appellant's sufficiency of evidence argument. Appellant argues the jury clearly lost its way as their conviction of Appellant based on the total weight of the evidence was a manifest miscarriage of justice.

{¶19} The State indicted Appellant on one count of Escape in violation of R.C. 2921.34.

{¶20} R.C.2921.34(A)(3) states:

No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

{¶21} R.C. 2921.34(D) states:

As used in this section, "supervised release detention" means detention that is supervision of a person by an employee of the department of rehabilitation and correction while the person is on any type of release from a state correctional institution, other than transitional control under section 2967.26 of the Revised Code or placement in a community-based correctional facility by the parole board under section 2967.28 of the revised code.

{¶22} R.C. 5149.02, in pertinent part states, "[t]here is hereby created in the division of parole and community services of the department of rehabilitation and correction at bureau level an adult parole authority."

{¶23} Appellant's argument contends that Officer Mayer testified he was employed at Adult Parole Authority, but did not state that he was an employee of the Department of Rehabilitation and Correction.

**{¶24}** At trial the state produced evidence that Appellant was serving a term of post release control, included as "supervised release detention" in R.C. 2921.34(D). Appellant was required to be supervised by an employee of the Department of Rehabilitation and Correction. Officer Mayer identified himself as an employee of Adult Parole Authority, which, according R.C. 5149.02, is a division of the Department of Rehabilitation and Correction.

**{¶25}** We find the State presented sufficient evidence, if believed by a jury, that Appellant escaped from supervised release detention. Our review of the entire record fails to persuade us the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

**{¶26}** Appellant's sole Assignment of Error is overruled.

**{¶27}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Baldwin, P. J., and

Delaney, J., concur.

JWW/d 0406